IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAINT G. ADEOGBA,

        Petitioner,

vs.                                       No. CV 17-00125 WJ/GJF

STATE OF NEW MEXICO,
WARDEN KEN SMITH,
NEW MEXICO ATTORNEY GENERAL,

        Respondents.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2254 Cases on the Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Saint G. Adeogba (Doc. 9). The Court will dismiss the Petition for failure to state a claim on which relief can be granted.

### I. Factual and Procedural Background

Petitioner Saint G. Adeogba is a prisoner in New Mexico state custody. He is serving a term of 9 years of imprisonment for several drug trafficking and possession convictions in four New Mexico criminal cases, No. D-1215-CR-2014-00114, No. D-1226-CR-2014-00119, No. D-1215-CR-2014-00198, and No. D-1226-CR-2014-00212. (Doc. 9 at 1).[1] Judgment was entered on his convictions and sentences in 2015. (Doc. 9 at 1).

---

[1] The Court has reviewed the official record in Adeogba's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA) and takes judicial notice of the records in D-1215-CR-2014-00114, D-1226-CR-2014-00119, D-1215-CR-2014-00198, and D-1226-CR-2014-00212. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir.2003).

1

Petitioner Adeogba filed a Motion for Reconsideration of Sentence in this Court on January 24, 2017. (Doc. 1). On February 9, 2017, he filed a Motion to Amend, seeking leave to assert a habeas corpus claim under 28 U.S.C. § 2254. (Doc. 3). The Court granted him leave to amend on July 13, 2017. (Doc. 8). Adeogba then filed his Petition under § 2254 on July 20, 2017. (Doc. 9).

In his § 2254 Petition, Adeogba seeks a shortening of his sentence and early release from custody due to medical conditions. The alleged facts supporting his claim include:

> "Being a Disabled Veteran, I have these medical conditions listed;
> 1.) hearing loss, 2.) tinnitus, 3.) both knees-osteoarthritis (which restricted to a wheel chair)/loss ability to walk, 4.) headaches, 5.) neck surgery disk replacement, 6.) glaucoma (eye-right), 7.) high blood pressure, 8.) hernia, 9.) loss of sleep, 10.) diabetic, 11.) shortness of breath.

(Doc. 9 at 5). He seeks relief "[t]o preclude the essence of cruel and unusual punishment and grant the amendment of early release due to medical conditions and concerns for Petitioner." (Doc. 9 at 15).

## II. <u>Analysis of Petitioner Adeogba's Claims</u>

Petitioner Adeogba seeks early release from custody through a writ of habeas corpus under 28 U.S.C. § 2254. Section 2254 provides:

> "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a). When a state prisoner challenges the length of his custody and by way of relief seeks immediate or speedy release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir. 1975). However, before a prisoner may proceed on a habeas corpus petition in federal

court, the prisoner must demonstrate that he has exhausted any remedies available in the state courts. Section 2254 states:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

28 U.S.C. § 2254(b)(1). In his Petition, Adeogba indicates that he has not presented his claimed grounds for relief to the highest state court and states "this is my first time to notify the courts." (Doc. 9 at 12). On the face of the Petition, Adeogba has neither attempted to exhaust nor actually exhausted any state court remedies and his § 2254 claim is subject to dismissal without prejudice. 28 U.S.C. § 2254(b)(1).

Although Adeogba has not exhausted his state court remedies, the Court may still deny Adeogba's Petition on the merits. *See* 28 U.S.C. § 2254(b)(2). In this case, even if Adeogba had exhausted his state court remedies, his Petition fails to state a habeas corpus claim for relief on the merits. Adeogba asserts he seeks relief "[t]o preclude the essence of cruel and unusual punishment." (Doc. 9 at 15). Adeogba does not cite any constitutional provision in his Petition, but he appears to be proceeding on an Eighth Amendment theory.

The Eighth Amendment protects against the infliction of cruel and unusual punishments. U.S. Const. Amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment encompasses deliberate indifference by prison officials. *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir.2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). The law is clear that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. Deliberate indifference may be

manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of whether it is evidenced by conduct of prison medical officials or prison guards, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983. *Estelle,* 429 U.S. at 104-05.

An Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective component and a subjective component. *Self v. Crum,* 439 F.3d 1227, 1230 (10th Cir. 2006). With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980) (internal quotation and citation omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. *Mata v. Saiz,* 427 F.3d 745, 752 (10th Cir. 2005).

Under the subjective component, the defendant must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Self*, 439 F.3d at 1230–31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999) (internal citation and quotation omitted). Unlike the objective component, the symptoms displayed by the prisoner are relevant to the subjective component of deliberate indifference. *Mata*, 427 F.3d at 753. With regard to the subjective component, the question for consideration by the Court is: "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Martinez v. Beggs*, 563 F.3d

4

1082, 1089 (10th Cir.2009) (quoting *Mata*, 427 F.3d at 753). Prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. *Howard*, 534 F.3d at 1239 (quoting *Farmer*, 511 U.S. at 844–45, 114 S.Ct. 1970). An official responds to a known risk in an unreasonable manner if he knew of ways to reduce the harm but knowingly or recklessly declined to act. *Howard*, 534 F.3d at 1239–40.

The factual allegations in Adeogba's Petition indicate that he suffers from hearing loss, tinnitus, osteoarthritis, headaches, neck surgery disk replacement, glaucoma, high blood pressure, hernia, loss of sleep, diabetic, and shortness of breath. (Doc. 9 at 5). There is nothing in the record to show that any of these conditions have been diagnosed by a physician or otherwise constitute serious medical needs. *Ramos v. Lamm,* 639 F.2d at 575. However, for purposes of the Court's analysis of Adeogba's claim, the Court treats the allegations as sufficient for the objective component of Plaintiff Adeogba's Eighth Amendment claim. *Id.*

Even assuming the allegations are sufficient for the first, objective prong, the allegations of the Petition wholly fail to establish the second, subjective component of an Eighth Amendment claim. Adeogba's Petition does not allege any conduct by any prison doctor, guard, or other official, much less any deliberate indifference to a serious medical need. *Estelle,* 429 U.S. at 104-05; *Howard*, 534 F.3d at 1239–40. To the contrary, Adeogba's Petition appears to seek relief to prevent some unspecified, future Eighth Amendment violation. (Doc. 9 at 15). Adeogba does not claim his custody is in violation of the Constitution, laws, or treaties of the United States, and fails to state a habeas corpus claim for relief. 28 U.S.C. § 2254(a); Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Under Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability when it denies a habeas corpus petition. A certificate of appealability may issue only if the petitioner has made a substantial showing of denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner Adeogba has not made any showing of denial of a constitutional right and the Court will deny a certificate of appealability. 28 U.S.C. § 2253(c).

**IT IS ORDERED:**

(1) the Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Saint G. Adeogba (Doc. 9) is **DISMISSED**; and

(2) a Certificate of Appealability is **DENIED**.

CHIEF UNITED STATES DISTRICT JUDGE